## CHAMBERS VS. STINE.

An agreement between two execution creditors and the defendant, that the execution creditors shall buy in all the personal property which does not bring a full price at the Sheriff's sale, and resell it for the benefit of themselves and the defendant, is not fraudulent in law.

Error to Common Pleas of Chester County. No. 205 January Term, 1884.

Benjamin Stine was indebted to John H. Gray, Robert G. Smith and Caleb E. Chambers. Gray and Smith had obtained

judgments and issued *fi. fas.* to January Term, 1882. Before the sale of Stine's property the following agreement was made by Smith, Gray and Stein.

It is agreed that all property to be sold under the above writs shall be purchased by Robert G. Smith (except such as may be bid up by other parties to an amount exceeding such valuation as the parties to this agreement may agree to put upon the same previous to the sale.)

The said Robert G. Smith shall hold the property so purchased by him in trust until March, 1882; then to sell the same at public or private sale, for cash or credit as he may deem most advantageous, and out of the proceeds to pay the above executions in their order and return and pay over the residue to the said Benjamin Stine; said Stine, in the meantime, to remain on the farm as the agent of Smith, and to account to him, for which service he is to have his reasonable living expenses, and necessary clothing expenses for himself and family, out of the proceeds of the farm, as heretofore. John H. Gray to pay off the notes of said Stine, on which he is endorser, now in bank, as the same become due, and to release the said Stine from all further liability under the terms of his farm lease, the term to end on April 1, 1882, and possession to be surrendered without further notice.

Witness the hands and seals of the parties, November 22, 1881.

---

On December 5, 1881, the property was sold at Sheriff's sale, and purchased by Smith. On March 17, 1882, Chambers obtained judgment against Stine for $440, and issued an attachment execution with notice to Smith and Gray as garnishees. Smith submitted an account taking credit for paying his own and Gray's judgment in full; and the $300 exemption to Stine and showed a balance in his hands of $171.95. The Court refused to charge that the foregoing agreement was fraudulent in law, but left the question of whether there was any actual fraud to the jury. The jury rendered a verdict in

favor of Chambers for $171.95, [the amount Smith admitted he held. Chambers then took a writ of error, complaining of the refusal of the Court to charge that the agreement was fraudulent in law.

*Messrs. Sidwell and Johnson*, for plaintiff in error, cited French vs. Breidleman, 2 Grant, 319 ; Slingluff vs. Eckel, 24 Pa., 472 ; Smull vs. Jones, 1 W. & S., 136 ; Bentz vs. Rockey, 69 Pa., 77 ; Shaffer vs Watkins, 7 W. & S., 227 ; M'Clurg vs. Lecky, 3 P. & W., 83 ; Weir vs. Hale, 3 W. & S., 285 ; Truit vs. Ludwig, 25 Pa., 149 ; Hammer vs. Freese, 19 Pa., 256 ; Winchester vs. Costello, 2 Parsons, 279 ; Rogers vs. Waterman, 25 Pa., 184 ; Huey's Appeal, 29 Pa., 219.

*Wm. M. Hayes, Esq.*, *contra*, cited Myers vs. Harvey, 2 P. & W., 478 ; Craig's Appeal, 77 Pa., 448 ; Maynes vs. Atwater, 88 Pa., 496 ; Blakey's Appeal, 7 Pa., 449 ; Worman vs. Wolfersberger, 19 Pa., 59 ; Guy vs. McIllree, 26 Pa., 94 ; Uhler vs. Maulfair, 23 Pa., 481 ; York County Bank vs. Carter, 38 Pa., 446 ; Smull vs. Jones, 1 W. & S., 136 ; Bentz vs. Rockey, 69 Pa., 78 ; Covanhovan vs. Hart, 21 Pa., 500.

The Supreme Court affirmed the judgment of the Common Pleas on February 25, 1884, in the following opinion,

PER CURIAM:

The Court fairly submitted to the jury to find whether in the transaction between the garnishees and Stine there was any intention to hinder, delay or defraud creditors. The evidence showed no facts to justify the Court in declaring the transaction fraudulent in law. Execution creditors as well as others may purchase jointly at a Sheriff's sale fairly made, and it is not fraudulent in law to leave in the possession of the defendant in the execution property so purchased. In this case the jury has found there was no fraud in fact.

Judgment affirmed.